**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff,**

**v.**

LUIS ANGEL MANSO-CEPEDA,

**Defendant.**

**CRIMINAL NO.** 14-082 (FAB)

**MEMORANDUM AND ORDER**

On April 21, 2014, a trial commenced against defendant Luis Angel Manso-Cepeda ("Manso") for aiding and abetting Lisander Casillas-Sanchez ("Casillas"), a convicted felon, in the unlawful possession of a firearm, all in violation of 18 U.S.C. §§ 2 & 922(g)(1). (Docket Nos. 12 & 64.) At the conclusion of the government's case, Manso moved for judgment of acquittal pursuant to Criminal Rule of Civil Procedure 29 ("Rule 29"). (Docket No. 64.) The Court denied the defendant's motion, and the defense rested. Id. After closing arguments the next day, defense counsel moved for a mistrial based on statements made during the government's rebuttal. (Docket No. 67.) The Court denied the defendant's motion and submitted the case to the jury. Id. Shortly thereafter, the jury returned a guilty verdict as to count one of the indictment. (Docket No. 71.)

Defendant Manso has filed a timely,[1] consolidated motion for judgment of acquittal and for a new trial, arguing (1) that the government failed to meet its burden of production and persuasion at trial, and (2) that the government's closing arguments misrepresented the law to the jury. (Docket No. 75.) For the reasons discussed below, the Court **DENIES** defendant's motions and **SUSTAINS** the jury verdict.

**BACKGROUND**

Without rehashing the entire trial here, the Court recounts background information and facts relevant to the legal analysis of Manso's Rule 29 and Rule 33 motions. See United States v. Stierhoff, 549 F.3d 19, 21 (1st Cir. 2008). The Court conveys the facts throughout the opinion in the light most favorable to the verdict. United States v. Rodriguez-Marrero, 390 F.3d 1, 6 (1st Cir. 2004).

At approximately 11:00 p.m. on January 26, 2014, Agent Luis Alberto Onil Tejeda-Jimenez of the Puerto Rico Police Department (PRPD) and his supervisor, Sergeant Gadiel Bonilla-Alamo, were conducting a preventative patrol in Loiza, Puerto Rico. As they

[1] A defendant may move the Court for judgment of acquittal within fourteen days after a guilty verdict or after the discharge of the jury, whichever is later. Fed.R.Crim.P. 29(c)(1). A motion for a new trial grounded on any reason other than newly discovered evidence must also be filed within fourteen days of the verdict. Fed.R.Crim.P. 33(b)(2). In this case, the guilty verdict and jury discharge occurred on April 22, 2014. (Docket No. 67.) Because defendant moved for judgment of acquittal on May 6, 2014, his motions are timely.

drove west on Street Number 3, a gray Mazda Protégé approached them on the opposite side of the road, heading east. Noticing that the Protégé's window tinting was too dark, Agent Tejeda turned on his blue lights and siren and stuck his left hand out of the patrol car to signal the Protégé's driver — defendant Manso — to pull over. Despite Agent Tejeda's signals, defendant Manso accelerated past the patrol car. A second PRPD cruiser, which was located closely behind Agent Tejeda, also turned on its lights and siren to signal the Protégé to stop, but to no avail. Upon viewing Manso's failure to stop for two patrol cars, a third police car, also located nearby and driven by PRPD officer Jose Cruz-Cervera, pulled into the Protégé's lane and attempted to block its path. Defendant Manso, in response, mounted all four of the Protégé's wheels on the sidewalk and drove around the third cruiser, speeding away.

After the Protégé passed the first patrol car, Agent Tejeda made a u-turn in his cruiser in order to follow the Protégé. Within seconds, he came up behind the Protégé. At that time, Manso crossed the oncoming traffic lane, pulled over to the opposite shoulder of the road, and briefly stopped. Simultaneously, the driver's side rear passenger door opened, and an individual with a gray shirt and hat threw a firearm into a grassy, weeded area. Once the door closed, Manso resumed driving on the correct side of the road and accelerated away from the police. Officer Cruz pursued the Protégé, and after an albeit short but high-speed

chase, Manso pulled into a residential driveway and stopped the car. A male carrying a gun who had been seated in the front passenger seat fled from the car, but Manso and Casillas were apprehended. Just after the Protégé sped off, Agent Tejeda approached the grassy area, where the Protégé had briefly stopped, in his patrol car. He reached down and recovered a Winchester 1200 sawed-off shotgun, loaded with six cartridges, from the ground. He then caught up to Officer Cruz's patrol car, which had followed defendant into the residential driveway. Once all three police teams were at the scene, they placed Manso and Casillas under arrest.

## DISCUSSION

### I. Motion for Judgment of Acquittal

#### A. Standard

A court may enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. Fed.R.Crim.P. 29(a). In reviewing a Rule 29 motion for judgment of acquittal, a district court must consider the evidence, both direct and circumstantial, "in the light most favorable to the prosecution" to determine whether the "body of proof, as a whole, has sufficient bite to ground a reasoned conclusion that the government proved each of the elements of the charged crime beyond a reasonable doubt." United States v. Lara, 181 F.3d 183, 200 (1st Cir. 1999) (citations omitted). This standard requires the

resolution of all evidentiary disputes and credibility questions in favor of the government; the Court must also draw all reasonable inferences in favor of the government's case. United States v. Savarese, 686 F.3d 1, 8 (1st Cir. 2012); See also United States v. Rodriguez-Marrero, 390 F.3d 1, 6 (1st Cir. 2004) (reasoning that the court conveys the facts throughout the opinion in the light most favorable to the verdict). Thus, the jury's verdict stands unless the evidence could not have persuaded a rational trier of fact of the defendant's guilt beyond a reasonable doubt. United States v. Soler, 275 F.3d 146, 150 (1st Cir. 2002) (citing Lara, 181 F.3d at 200).

**B. Sufficiency of the Evidence**

Defendant Manso asserts that he is entitled to a judgment of acquittal because the government presented insufficient evidence to convict him beyond a reasonable doubt of aiding and abetting Casillas in the possession of a firearm. (Docket No. 75.) To establish Manso's guilt, the government was tasked with proving beyond a reasonable doubt: (1) that Casillas had been convicted of a felony as of January 26, 2014; (2) that Casillas knowingly possessed the .12 caliber Winchester shotgun fully loaded with six 12-gauge shotgun shells on January 26, 2014; and (3) that defendant Manso consciously shared Casillas' knowledge that Casillas possessed the shotgun, intended to help him, and took part in the endeavor, seeking to make it succeed. (Docket No. 69 at

pp. 13–14.) Because the parties stipulated as to the first two elements, (Docket Nos. 66 & 68), defendant Manso's motion deals with the third element: whether the evidence established beyond a reasonable doubt that he knew of, and intended to help, Casillas' possession of the shotgun.

To establish aiding and abetting liability, the government must prove that: "[(1)] the principal committed the substantive offense charged; and [(2)] that the accomplice became associated with the principal's criminal endeavor and took part in it, intending to assure its success." United States v. Perez-Melendez, 599 F.3d 31, 40 (1st Cir. 2010) (citing United States v. Gonzalez, 570 F.3d 16, 28-29 (1st Cir. 2009) (internal quotation marks omitted)); Nye & Nissen v. United States, 336 U.S. 613, 619 (1949); 18 U.S.C. § 2. One way to establish that the defendant participated in the endeavor and intended to make it succeed is to "show[] that the defendant consciously shared the principal's knowledge of the underlying criminal act, and intended to help him." Perez-Melendez, 599 F.3d at 40. Showing that the accomplice simply associated with the principal or was merely present when the crime occurred, "even when combined with knowledge that a crime will be committed, [however,] is not sufficient to establish aiding and abetting liability." Id. at 40-41 (internal citation and quotation marks omitted).

The Supreme Court's recent review of the "basics about aiding and abetting law's intent requirement" provides support for the verdict against defendant Manso. See Rosemond v. United States, 134 S.Ct. 1240, 1248 (2014). Credence continues to be given to Judge Learned Hand's proclamation that a defendant aids and abets a crime by associating with the venture and "participat[ing] in it as in something that he wishes to bring about and seek[ing] by his action to make it succeed." Id. (citing Nye & Nissen, 336 U.S. at 613). "So, for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission." Rosemond, 134 S.Ct. at 1249. The government's evidence against defendant Manso reasonably leads to the inference that Manso aligned himself with Casillas when Casillas illegally carried a firearm into the Protégé. From the large size of the shotgun, it is reasonable to infer beyond a reasonable doubt that Manso knew that Casillas possessed a firearm. Taken together, Manso's refusal to stop for three successive police cars with flashing blue lights and sirens; his mounting of all four tires on the sidewalk and maneuvering around the third cruiser, which had attempted to block the Protégé; his speeding away from the police; his pulling over to the opposite shoulder of the road to allow Casillas to open the rear passenger door and ditch a sawed-off shotgun; and his accelerating away from the police until he reached

the safety of a residential driveway; all demonstrate that Manso did what he could to help his friend in the possession of the shotgun. See Nye & Nisson, 336 U.S. at 619. He became associated with Casillas' criminal endeavor when he saw Casillas get into his car with a sawed-off shotgun "and took part in it, intending to assure its success." See Perez-Melendez, 599 F.3d at 40.

Citing Rosemond, Manso argues that the legal standard for aiding and abetting a felon in possessing a firearm requires the accomplice to have "advanced knowledge" of the principal's possession.[2] He seeks to apply the Supreme Court's analysis of

---

[2] He cites the following passage from Rosemond to support that contention:

> For all that to be true, though, the § 924(c) defendant's knowledge of a firearm must be advance knowledge — or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice. When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense. But when an accomplice knows nothing of a gun until it appears at the scene, he may already have completed his acts of assistance; or even if not, he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun. As even the Government concedes, an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has foreknowledge that his confederate will commit the offense with a firearm. For the reasons just given, we think that means knowledge at a time the accomplice can do something with it — most notably, opt to walk away.

(Docket No. 75 at pp. 2-3) (citing Rosemond, 134 S.Ct. at 1249-50).

aiding and abetting a violation of section 924(c) to his violation of section 922(g), and insinuates because that he had no knowledge of Casillas' gun until Casillas got into his vehicle, Manso did not aid and abet the "crime[,] [which had] already [been] committed." (Docket No. 75 at p. 2.)[3] Without advanced knowledge of Casillas' gun, and claiming to have merely given Casillas a lift in his car, Manso asserts that he did nothing to affirmatively participate in Casillas' crime.

Manso's interpretation regarding the elements needed to prove his intent is unavailing. The Supreme Court in Rosemond explained that aiding and abetting requires both a culpable act and culpable intent, and stated that intent "must go to the specific and entire crime charged." See Rosemond, 134 S.Ct. at 1248. In light of 18 U.S.C. § 924(c) ("section 924(c)")'s "double-barreled" nature,[4] a defendant charged with violating section 924(c) must intend to participate in the underlying crime as well as intend that a gun be used in furtherance of that crime. Id. The aider-and-abettor's "foreknowledge" of the gun, as well as the exact time at which he or she knows about the gun, therefore, is particularly

---

[3] On the one hand, Manso claims that the government "failed to present any proof of when Casillas took possession of the firearm," but he also argues that Casillas had possession "prior to the chase." (Docket No. 75 at p. 2.)

[4] A violation of section 924(c) requires (1) the use or carrying of a firearm (2) when engaged in a predicate crime of violence or drug trafficking. Rosemond, 134 S. Ct. at 1245.

relevant to an assessment of guilt. See United States v. Jefferson, 2014 U.S. Dist. LEXIS 61135, **24-29 (D.N.J.) (Apr. 29, 2014) (surveying the three "foreknowledge" concepts set forth in Rosemond). Rosemond is factually distinguishable from defendant Manso's conviction because in the context of a 922(g)(1) "single-barreled" offense, aiding and abetting defendant's intent need only go to the assistance of a felon's firearm possession. As discussed above, the evidence presented at trial supports a finding that he had that intent. Furthermore, a footnote following the passage that defendant relies upon from Rosemond is telling:

> Of course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had [advance] knowledge. In any criminal case, after all, the factfinder can draw inferences about a defendant's intent based on all the facts and circumstances of a crime's commission.

Id. at 1250 n.9. That was the case here. It is reasonable to infer from the evidence that Casillas displayed his sawed-off shotgun as he entered the Protégé, and that all of Manso's subsequent behavior behind the wheel conveys an intent to assist Casillas in possessing (and ditching) the weapon. Viewed in totality, the evidence belies Manso's argument that he was merely present in the car and took no affirmative act of participation. (See Docket No. 74 at p. 7) ("[A]ll that Luis did that night is gave Lisander a ride."). Sufficient evidence supports the reasonable inference that defendant Manso drove his car intending

to provide knowing aid to Casillas, who was committing a federal crime by being in possession of a firearm, and Manso had the intent to facilitate Casillas' crime. Therefore, he committed a crime himself, Rosemond, 134 S.Ct. at 1245, and his conviction stands.

**C. Conclusion**

For the reasons expressed above, the Court finds that "the total evidence, including reasonable inferences, is sufficient to warrant a jury to conclude that the defendant is guilty beyond a reasonable doubt." See United States v. Lochan, 674 F.2d 960, 966 (1st Cir. 1982). Accordingly, defendant Manso's motion to set aside the verdict and enter a judgment of acquittal as to count one is **DENIED.**

**II. Motion for New Trial**

**A. Standard**

"Motions for a new trial are directed to the discretion of the trial court." United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980). A trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). A defendant may base his or her motion for a new trial on newly discovered evidence or on other grounds. Fed.R.Crim.P. 33(b). But, "[t]he remedy of a new trial must be used sparingly and only where a miscarriage of justice would otherwise result." United States v. Del-Valle, 566 F.3d 31, 38 (1st Cir. 2009) (internal citation and quotation marks omitted).

A prosecutor's trial statements constitute reversible error only if they were (1) improper and (2) "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990). Factors pertaining to whether a defendant's substantial rights were so prejudiced include: (1) the degree to which the prosecutor's remarks tended to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury. United States v. Chong Lam, 677 F.3d 190, 203-04 (4th Cir. 2012) (citing United States v. Lighty, 616 F.3d 321 (4th Cir. 2010).

**B. Analysis**

Manso's Rule 33 argument is that during rebuttal, the prosecutor misstated the law by making the following statements:

> And if [Manso] tried to help Lisander get rid of this gun, that means, that period of time that he was driving, he was aiding and abetting in the possession of that firearm. If he knew that when Lisander got in his car and that he had this gun, and that he was going to drive him from one place to another, he is guilty of aiding and abetting in the possession of that firearm.

(Docket No. 74 at p. 14.)

> He knew it was there, and he knew that when Lisander got in his car, that he was helping him take this gun from wherever they were to the next place. And if you find that he attempted to help Lisander get rid of this gun when the police attempted to pull him over, then you must find him guilty.

Id. at p. 16.

The Court finds that the prosecutor's statements were not improper. Throughout trial, defense counsel communicated a theory that defendant Manso merely gave Casillas "a ride" and took no affirmative action to assist Casillas' possession of the shotgun. In his closing arguments, defense counsel argued that Manso did not assist Casillas in "getting the gun in the car," and "[n]obody is saying that Luis touched the weapon, held the weapon, . . . bought the weapon, lent the weapon." (Docket No. 74 at p. 10.) He also argued, "[n]one of the agents saw him looking at the gun, holding the gun, doing anything with the gun at any time." Id. at p. 8. "And nothing Mr. Manso did assisted [Casillas] in possessing [the gun]. If anything, he assisted him in getting rid of it . . . ." (Docket No. 74 at p. 12.) The prosecutor's rebuttal was geared specifically towards refuting that theory, and ensuring that the jury understood that affirmative acts also could be found through Manso's ongoing behavior. Simply because Manso never touched or held the firearm, or never assisted Casillas in procuring the firearm for that matter, did not preclude a finding that he had intent, and Manso's maneuvering of the Protégé to evade police and allow Casillas to ditch the weapon were precisely the kind of

affirmative actions sufficient to demonstrate that intent. Viewed in context, the prosecutor's statements were not misstatements and were not improper.

In defense counsel's own words, Manso "is being accused of doing something to help Lisander Casillas-Sanchez possess the gun." The government's theory was that Manso "did something to help" by driving around the PRPD cars, pulling over to the opposite shoulder so that a passenger could throw a firearm into weeds, and speeding away from the police. The jury was at liberty to interpret Manso's behaviors behind the wheel as affirmative acts of help, and the government's statements were not in error. Defendant Manso's motion for a new trial, therefore, is **DENIED.**

**CONCLUSION**

The Court finds sufficient evidence to conclude that defendant Luis Angel Manso-Cepeda is guilty of aiding and abetting a felon in possession of a firearm. Accordingly, Manso's consolidated motion for judgment of acquittal pursuant to Rule 29 and for a new trial pursuant to Rule 33, (Docket No. 75), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 11, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge